By the Coubt.—Cubtis, Ch. J.
The agreement of the defendant, Hezekiah Watkins, was to pay $22,000, being a part of the consideration for the sale of a house and furniture, bought by him from the plaintiff, “by the assumption of a certain mortgage now on said premises to B. L. Ludington, together with interest from April 1, 1873.” The plaintiff fulfilled the agreement on her part, conveying the prop *77 erty subject to this mortgage to the defendant’s wife instead of to him, but at his request. There was no covenant on the part of the grantee in the deed to assume the payment of this mortgage. This omission did not impair the obligation entered into by the defendant, her husband, to assume, that is, to take upon himself, such payment. He could fulfill this obligation, as far as the plaintiff was concerned, by permitting the property thus conveyed at his request, or its proceeds, if sold under foreclosure, to be applied to its discharge, and if they were insufficient, by paying the deficiency to the holder of the mortgage; or he could pay in cash the principal and interest of the sum secured by the mortgage as it became due.
A part of the mortgage, $5,000, became due October 1, 1873, and the balance, $17,000, became due October 1, 1877, subsequent to the commencement of this suit. The defendant Watkins paid $2,000 of the $5,000 when it became due, and obtained from the defendant, B. L. Ludington, the mortgagee, an extension of the time of payment of the remaining $3,000, until April 1, 1876. Upon the failure of the defendant Watkins to pay this $3,000, Ludington commenced an action in the supreme court to foreclose the mortgage. Subsequently to this, and about July 7, 1876, the plaintiff commenced the present suit. There is no claim made by the plaintiff, nor does it appear, from the proofs, that she is aggrieved, or sustains loss, by any delay, on the part of Ludington, to enforce the payment of the mortgage in question.
The procurement of the extension of the payment of $3,000, by the defendant Watkins, from Ludington, does not operate to discharge the defendant Watkins from his liability under the agreement entered into by him with the plaintiff. The protection afforded to her by this agreement cannot be defeated by an act to which she is a stranger.
*78 The difficulty with the plaintiff’s case is this. There is nothing that establishes conclusively that there will be any deficiency resulting from a foreclosure and sale of the mortgaged premises. If the proceeds of such a sale are sufficient to pay the remaining unpaid part of the mortgage debt, the defendant Watkins’ obligation to the plaintiff in that behalf ceases. A foreclosure suit was in progress when the present suit was instituted. There is no delay in such suit shown that prejudiced the plaintiff. If in this foreclosure suit, there is a deficiency, then her remedy and the extent of it are clearly defined.
The judgment appealed from is based upon the finding, “ that there will be on the foreclosure sale a deficiency of several thousand dollars for which the plaintiff will be liable.” The remedy sought by the plaintiff in this action is, in effect, an attempt to obtain protection from her personal liability for such a probable deficiency. The evidence fails to establish with definiteness or certainty that there will be a deficiency, still less what will be its amount. It is apparent, that it depends upon contingencies affecting the prices of property, that cannot be determined in advance. In the very nature of things, these prices are ever fluctuating, in accordance with the laws of demand and supply, and when in addition, the legal tender qualities of various mediums of payments are subject to unforeseen changes by legislation, it is obvious that neither witnesses nor courts can with reasonable certainty divine what prices property will bring at future foreclosure sales, and also that justice cannot be administered upon the basis of such foresight.
This leads to the conclusion, that from what appears in the case, the plaintiff should have waited until her own liability, if any, was established by the result of the pending foreclosure suit, before resorting to her remedy.
*79 The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event of the suit.